ATTORNEY FOR APPELLANT
Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana



FILED
Jul 12 2017, 4:31 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 28S04-1707-CR-468

MICHAEL A. MILLER,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Greene Circuit Court, No. 28C01-1408-F1-2
The Honorable Erik C. Allen, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 28A04-1603-CR-634

**July 12, 2017**

**Per Curiam.**

Around 11:30 p.m. on August 10, 2014, Jeremy Kohn was sitting on the porch of his Bloomfield home with his girlfriend, Kylee Bateman. The pair observed a man twice approach a neighbor's house, knock on the door or ring the doorbell, and walk away. Kohn thought he recognized the man from school, but could not remember his name. About five minutes after that, the man—defendant Michael Miller—casually strolled up to Kohn and Bateman, as if to ask a question. As Kohn turned to ask Bateman if she knew the man, Miller grabbed Kohn's left arm

and cut him around the throat with a pocketknife. Miller said nothing, and then calmly walked away. The cut was not deep, but it required over forty stitches to close. Had the cut been slightly deeper, it could have caused injury posing a risk of death.

Three days later, Miller was identified as a suspect in the attack of Kohn. Police located him in a nearby town, hitchhiking to Indianapolis. Miller was arrested without incident, waived his Miranda rights, and calmly admitted he had cut Kohn's throat after Kohn and Bateman smiled at him and Kohn looked at Bateman and shook his head. Miller stated he assumed the police were not called or did not care about the incident, because he didn't hear any sirens afterwards. Then he decided to go to Indianapolis. When asked whether he wanted to kill Kohn, Miller replied that he did not care. (*See* App. at 104; State's Ex. 7 at 11:30 – 11:50.)

The State charged Miller with Level 1 felony attempted murder and Level 3 felony aggravated battery (later amended to Level 5 felony battery). The attempted murder charge alleged in part that Miller "did knowingly or intentionally attempt to commit the crime of Murder, to-wit: to knowingly kill Jeremy Kohn . . . ." (App. at 29.) After a bench trial, the trial court adjudged Miller guilty but mentally ill on both counts. The trial court's judgment of conviction included several findings and conclusions, including "that Defendant had the requisite intent to kill . . ." and that the State "has proved beyond a reasonable doubt . . . Miller did knowingly or intentionally attempt to commit the crime of Murder, to-wit: to knowingly kill Jeremy Kohn . . . ." (App. at 104-05).

Miller appealed, contending among other things that the State did not present sufficient evidence that he had the specific intent to kill Kohn, as required for attempted murder.[1] The Court

---

[1] To convict a defendant of murder, the State must prove he or she acted "knowingly or intentionally." *See* Ind. Code § 35-42-1-1(1). "A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious attempt to do so. . . . A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(a), (b). Attempt crimes generally require the same *mens rea* as completed crimes, but attempted murder is

of Appeals found it premature to consider sufficiency of the evidence of Miller's intent, but determined that the references in the proceedings below to a "knowing" *mens rea* could indicate the trial court applied the wrong standard of proof. Miller v. State, 72 N.E.3d 502, 515, 518 (Ind. Ct. App. 2017). The Court of Appeals reversed Miller's attempted murder conviction and remanded for a new trial. Id. at 518.

The State seeks transfer, contending the trial court did not apply the wrong standard of proof, but if it did, the proper remedy is not a new trial, but a remand for the trial court to reconsider the case under the correct legal standard. We agree the correct remedy in these circumstances is a remand for reconsideration by the trial court.

Accordingly, we grant transfer, *see* Indiana Appellate Rule 58(A), and reverse Miller's conviction for attempted murder. We remand this case to Judge Allen with instructions to apply the appropriate legal standard to the existing evidence. In all other respects, we summarily affirm the Court of Appeals' opinion. Ind. App. R. 58(A)(2).

Rush, C.J., and David and Massa, JJ., concur.
Slaughter, J., concurs in part and dissents in part with separate opinion.

---

different in that it requires the State to prove "the defendant's *specific intent to kill*." Rosales v. State, 23 N.E.3d 8, 12 (Ind. 2015) (emphasis added). This requirement "stems from 'the stringent penalties for attempted murder and the ambiguity often involved in its proof.'" Id. (quoting Hopkins v. State, 759 N.E.2d 633, 637 (Ind. 2001)).

**Slaughter, J., concurring in part, dissenting in part.**

I agree that Miller's attempted-murder conviction must be reversed because the trial court's written findings recited the wrong legal standard. As the Court holds, the correct standard is not whether Miller attempted to commit murder "knowingly or intentionally", but whether he had a "specific intent to kill". Where I part company with my colleagues is in the chosen remedy. The Court orders a remand to the trial court to consider the existing evidence under the correct standard. But I question whether that remedy will be adequate. Specifically, I fear a mere remand to the same trial judge instructing him to apply the correct standard will be insufficient to redress the underlying harm from using the wrong standard. In my view, Miller should receive a new trial. The erroneous *mens rea* standard should not be dismissed as a slip of the tongue (or pen) in the court's written findings because it first appeared in the State's charging information and thus tainted the entire proceeding. Had this been a jury trial, the clear remedy would be to order a new trial. Although this case was tried to the bench, I believe a new trial also is warranted here. I share the Court of Appeals' concern that the trial judge, on remand, "may have a difficult, if not impossible, task of distancing himself from the evidence already considered and in considering the case entirely anew". Miller v. State, 72 N.E.3d 502, 518 (Ind. Ct. App. 2017). In light of our grant of transfer, I would summarily affirm the Court of Appeals' thoughtful opinion in its entirety, including its remand for a new trial.